IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD P. STRAIN, <br><br> Plaintiff, <br><br> v. <br><br> BOROUGH OF SHARPSBURG, PENNSYLVANIA, a Municipal Entity, and RICHARD C. PANZA, JOSEPH P. PANZA, LARRY STELITANO, EILEEN RAPINO, VINCENT F. SACCO, ALBERT "PAT" ASTORINO, MARIO FERRARO, ROXANNE MAGNELLI, AND ROBERT STAPF, in their official and individual capacities, <br><br> Defendants. | Civil Action No. 04-1581 <br><br> Judge Lancaster <br> Magistrate Judge Caiazza |

**MEMORANDUM ORDER**

On June 28, 2006, the Court entered a Memorandum Order (Doc. 28) adopting the Recommendation of the Magistrate Judge (Doc. 25) that the Defendants' Motion to Dismiss the Amended Complaint (Doc. 21) be granted in part and denied in part. Specifically, the Court granted with prejudice the Motion to Dismiss Count I of the Amended Complaint - the claim based on the Contracts Clause of the United States Constitution. As to Counts II and III, alleging violations of substantive due process and equal protection respectively, the Motion to Dismiss the Amended Complaint was denied. A decision with respect to the state law claims was deferred pending resolution of any Motion(s) for Summary Judgment. Now pending are the Defendants' Motion for Reconsideration (Doc.34) of that portion of the Court's June 28 Order declining to dismiss Counts II and III, and the Plaintiff's Opposition to the Motion (Doc. 37). The Motion for Reconsideration will be denied.

## I. **DISCUSSION**

### A. **Count II - Substantive Due Process**

The Defendants contend first that Strain's Amended Complaint falls to state a substantive due process claim. This argument reflects an incomplete understanding of the law. The Defendants contend that because Strain did not allege infringement of a fundamental liberty or property interest, he has failed to establish a violation of substantive due process. The Substantive Due Process Clause may be invoked by a plaintiff in different circumstances:

> It can serve as a check on legislative enactments thought to infringe on fundamental rights not otherwise explicitly protected by the Bill of Rights, as a check on official misconduct which infringes on a fundamental right, <u>or as a limitation on official misconduct which, although not infringing on a fundamental right, is so literally conscience-shocking, and hence oppressive, as to rise to the level of a substantive due process violation</u>.

16B Am. Jur. 2d Constitutional Law §918 (2006)(emphasis added). See also, <u>Howard v. Grinage</u>, 82 F.3d 1343, 1349( 6th Cir. 1996). It is this last theory under which the Plaintiff proceeds. The allegations in Count II of the Amended Complaint are, therefore, sufficient to allege a violation of substantive due process.

### B. **Count III - Equal Protection**

The Defendants also ask the Court to reconsider its decision declining to dismiss Strain's equal protection claim. Noting that the original equal protection claim was dismissed, they contend that the amended claim does not differ substantially from the

2

original. Accordingly, they argue, the court is bound by the "law of the case" and must dismiss the amended equal protection claim as well.

The doctrine of the law of the case prevents matters already decided from being relitigated in the same case. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). That doctrine does not apply here. Case law decided between the time of the original order and the order at issue has clarified the availability of the "class of one" theory in the employment context, and has shed additional light on the meaning of "similarly situated" in the "class of one context." See, e.g. Hill v. Kutztown, 455 F.3d 225, 239 (3d. Cir 2006)(considering "class of one" theory in suit by former borough manager against borough mayor, noting that employees alleged to have been similarly situated had also been harassed and threatened by mayor); Matsey v. Westmoreland County, No. 04-4189, 1996 WL 1371578 (3d. Cir. May 19, 2006)(discussing "class of one" theory in employment action by corrections officer and drawing detailed factual distinctions between employees said to be similarly situated).

For the reasons articulated in the Report and Recommendation adopted in the Order under consideration, Strain's equal protection allegations are adequate to survive a motion to

3

dismiss. This is particularly true where the applicable law is undergoing rapid evolution, and discovery is critical to Strain's's ability to determine whether other Borough employees were similarly situated yet treated differently with respect to post-retirement benefits.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** the Motion for Reconsideration filed by the Defendants (Doc. 34) is **DENIED**.

**SO ORDERED THIS** ___30th___ DAY of August, 2006

_____
Gary L. Lancaster
United States District Judge

cc:

Charles A. Lamberton, Esq.
Patricia A. Monahan, Esq.

Via electronic mail