IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD P. STRAIN, <br><br>      Plaintiff, <br>  v. <br><br>BOROUGH OF SHARPSBURG, <br>PENNSYLVANIA, a Municipal <br>Entity, and RICHARD C. PANZA, <br>JOSEPH P. PANZA, LARRY <br>STELITANO, EILEEN RAPINO, <br>VINCENT F. SACCO, ALBERT <br>"PAT" ASTORINO, MARIO FERRARO, <br>ROXANNE MAGNELLI, AND ROBERT <br>STAPF, in their official and <br>individual capacities, <br><br>      Defendants. | Civil Action No. 04-1581 <br><br>Judge Lancaster <br>Magistrate Judge Caiazza |

## MEMORANDUM AND ORDER

### MEMORANDUM

On September 10, 2006, Howard P. Strain ("Strain") filed a motion for leave to amend his complaint. The Defendants oppose this motion on the ground that the claims that Strain seeks to add, malicious prosecution and abuse of process in violation of 42 U.S.C. § 1983, are time barred.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In this Circuit prejudice to the non-moving party is the touchstone for denial of leave to amend. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). "In the absence of substantial or undue prejudice, denial . . . must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Id.

The statute of limitations for an action brought pursuant to

42 U.S.C. § 1983 action is the Pennsylvania statute applicable to actions for personal injuries. Wilson v. Garcia, 471 U.S. 261 (1985). This statute, 42 Pa. Cons. Stat. § 5524, sets a two year limitations period. Fitzgerald v. Larson, 769 F.2d 160 (3d Cir. 1985). Because it is undisputed that the two year period has expired with respect to each of the legal claims that Strain seeks to add, he is entitled to amend his complaint only if the causes of action which he now asserts relate back to the time that the original complaint was filed.

Rule 15(c) of the Federal Rules of Civil Procedure governs the effect of amended and supplemental pleadings, and in pertinent part states:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of original pleading when . . .
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .

The Rule relaxes, but does not obliterate, the statute of limitations. The Third Circuit has explained that "in essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. Thus, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." USX Corp. v. Barnhart, 395 F.3d 161, 167 (citing Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004)).

While Strain's delay in seeking to add new theories of

liability is certainly significant, the court is not persuaded that it is undue. The litigation is still in an early stage, and every fact relevant to these claims has been set out in prior pleadings. The core of operative facts is unchanged. Moreover, Strain represents that he will not conduct additional discovery relative to these claims.

In these circumstances, the court will grant the Plaintiff's motion to amend its complaint.

## ORDER

**IT IS HEREBY ORDERED THAT**:

1. The **MOTION TO FILE SECOND AMENDED COMPLAINT** (Doc 39 ), filed by the plaintiff, Howard Strain, seeking to add claims for malicious prosecution and abuse of process pursuant to 42 U.S.C. § 1983, is **GRANTED**. The Second Amended Complaint (Doc. 39 Ex. 2) is deemed filed. Defendants shall have until November 13, 2006 to file an answer.

**SO ORDERED** this 24th day of October, 2006.

                                                /s/ Francis X. Caiazza
                                                Francis X. Caiazza
                                                U.S. Magistrate Judge

cc:

Counsel of Record
Via Electronic Mail