IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD P. STRAIN,  )
    Plaintiff,  )
   )
    v.  )
BOROUGH OF SHARPSBURG,  )
PENNSYLVANIA, a MUNICIPAL  )
ENTITY, and RICHARD C. PANZA,  )  Civil Action No. 04-1581
JOSEPH P. PANZA, LARRY  )
STELITANO, EILEEN RAPINO,  )
VINCENT F. SACCO, ALBERT "PAT"  )
ASTORINO, MARIO FERRARO,  )
ROXANE MAGNELLI and ROBERT  )
STAPF, in their official and  )
individual capacities,  )
    Defendants.  )

<u>MEMORANDUM and ORDER</u>

Gary L. Lancaster,
District Judge.        April 21, 2008

This is an action in civil rights under 42 U.S.C. § 1983. Plaintiff, Howard Strain, alleges that defendants, the Borough of Sharpsburg and various individuals, violated his rights to equal protection and due process, as guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiff further alleges a breach of contract claim. Plaintiff seeks monetary damages.

Three motions are before the court. Defendants have filed a motion <u>in limine</u> seeking to prevent plaintiff from introducing evidence or argument to the jury regarding any claim for front pay and back pay related to plaintiff's abuse of process claim [Doc.

No. 144]. Defendants also filed a related motion in limine regarding plaintiff's intent to introduce evidence regarding the tax consequences of that same front pay and back pay [Doc. No. 145]. Both of these motions were taken under advisement at the April 11, 2008 pre-trial conference. After the pre-trial conference, plaintiff filed a motion captioned "Motion for Reconsideration of Order Precluding Back and Front Pay and Benefits on Plaintiff's Equal Protection Claim" [Doc. No. 180]. For the reasons set forth below, defendants' motions in limine [Doc. Nos. 144 and 145] will be GRANTED and plaintiff's motion for reconsideration [Doc. No. 180] will be DENIED.

Before addressing the motions in limine regarding damages, a brief summary of the claims and rights at issue is instructive. 42 U.S.C. § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979). To establish a prima facie case under § 1983, a plaintiff must demonstrate that: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.[1] Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).

---

[1] There is no dispute that defendants here were acting under color of state law.

2

Where a state actor deprives a person of life, liberty or property, without due process, he has violated the Fourteenth Amendment to the United States Constitution. Although it is unclear whether plaintiff bases his abuse of process claim[2] on a substantive or procedural due process violation, the distinction is without a difference for our purposes. To state a claim under Section 1983 for deprivation of due process rights, whether procedural or substantive, a plaintiff must first establish that he was deprived of a constitutionally protected interest that is encompassed within the Fourteenth Amendment's due process protection. Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006); Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 139-140 (3d Cir. 2000).

Thus, the first step in analyzing plaintiff's abuse of process claim, and in turn, what evidence may be introduced regarding damages, is identifying what, if any, constitutionally protected interests were violated by defendants' allegedly unconstitutional actions. Applying these principles to this case, we conclude that plaintiff arguably has a constitutionally protected property

---

[2] A common law cause of action for abuse of process "exists without the necessity of a seizure of property." McGee v. Feege, 535 A.2d 1020, 1026 (Pa. 1987). However, an abuse of process claim brought pursuant to Section 1983 requires a prima facie showing that "federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes" have been violated. See 42 U.S.C. § 1983. Under the circumstances of this case, plaintiff must show some property deprivation.

interest in his post-employment benefits; however, as previously found in the Amended Report and Recommendation dated April 26, 2007 [Doc. No. 116], plaintiff has no constitutionally protected property interest in his at-will position with the Borough.³  See Hill, 455 F.3d at 234 (rejecting property-based procedural due process claim based on allegations of constructive discharge of an at-will employee). Because plaintiff had no constitutionally protected property interest in his job, we find that plaintiff is not entitled to claim back pay and front pay losses as consequential damages under his § 1983 abuse of process claim.

This finding is in accordance with plaintiff's own prior positions in this case. Plaintiff has not contested his status as an at-will employee and has consistently asserted that, under the abuse of process claim, he has a constitutionally protected property interest in his post-employment benefits. See e.g., Plaintiff's Motion for Partial Summary Judgment on Abuse of Process Claim and Memorandum of Law in Support thereof [Doc. Nos. 60 and 61]; Plaintiff's Motion to File Second Amended Complaint ¶ 7-9 [Doc. No. 39]; Plaintiff's Second Amended Complaint ¶ 11, 24, 26 [Doc. No. 49]. Thus, the only constitutionally protected interest implicated by the abuse of process claim is plaintiff's right to

---

³ We note parenthetically that the Court of Appeals has held that "[a]n abuse of process is by definition a denial of procedural due process." Jennings v. Shuman, 567 F.2d 1213, 1220 (3d Cir. 1977).

receive post-employment benefits. These benefits define the scope of plaintiff's damages.

Plaintiff's reliance on Brooks v. Andolina, 826 F.2d 1266, 1269-70 (3d Cir. 1987) and Cimino v. Borough of Dunmore, No. 02-1137, 2005 WL 3488419 (M.D. Pa. Dec. 21, 2005) is misplaced. These cases are distinguishable because, unlike here, the lost wages were related to the alleged constitutional violations. Jurisprudence teaches, however, that plaintiff can only recover damages that stem from the loss of property that was constitutionally protected, i.e., the loss of post-employment benefits. These may include compensation for the lost post-employment benefits themselves, emotional distress, embarrassment, and punitive damages against the appropriate defendants.

Accordingly, defendants' motion in limine to exclude claims for damages for front pay and back pay [Doc. No. 144] is GRANTED. Given this ruling, any evidence related to the tax consequences of front pay and back pay would be irrelevant. Accordingly, defendants' motion in limine [Doc. No. 145] is GRANTED on that basis. Plaintiff's motion for reconsideration [Doc. No. 180] is DENIED.

BY THE COURT:

/s/ Lancaster, J.

cc: All Counsel of Record